UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT G. DOUCETTE, JR,<br><br>Defendant,<br>and<br><br>TD BANK, NATIONAL ASSOCATION, STATE OF MAINE, DEPARTMENT OF TRANSPORTATION, VERSANT POWER, and CONSOLIDATED COMMUNICATIONS OF NORTHERN NEW ENGLAND LLC,<br><br>Parties in Interest. | ) | 1:26-CV-00278-SDN |

**<u>ORDER DENYING MOTION TO LIFT STAY AND MOTION TO DISMISS</u>**

Before the Court is Plaintiff United States Department of Agriculture's ("USDA") Motion to Dismiss Complaint for Foreclosure, ECF No. 21, and Motion to Lift Stay, ECF No. 22. Defendant Robert G. Doucette, Jr. objects to USDA's motions, ECF No. 23.

After Mr. Doucette filed a responsive pleading and request for mediation, ECF No. 19, the Court stayed this matter pending completion of mediation through the Maine Foreclosure Diversion Program, ECF No. 20. USDA now asks the Court to lift the stay, even though mediation has not been completed, to permit USDA to voluntarily dismiss its complaint without prejudice. *See* ECF Nos. 21, 22.

Under Fed. R. Civ. P. 41(a)(2), the Court may permit a plaintiff to voluntarily dismiss its complaint if no other party will be prejudiced. *See Colon-Cabrera v. Esso*

*Standard Oil Co. (P.R.), Inc.*, 723 F.3d 82, 87 (1st Cir. 2013). USDA asserts the following grounds for its Motion to Dismiss:

i. Defendant was properly served with a summons and complaint for foreclosure;
ii. Defendant responded in defense of the complaint for foreclosure and requested mediation under the Maine Foreclosure Diversion Program;
iii. Defendant failed to appear for scheduled mediation;
iv. Plaintiff withdrew the case for administrative purposes and directed Counsel to bring cause that the Complaint for Foreclosure be dismissed without prejudice.

ECF No. 21 at 2–3. USDA represented in its reply that USDA administratively withdrew the case because the agency has determined the lien is valueless, ECF No. 24-1 at 2.

USDA's representation that Defendant failed to appear for scheduled mediation is unsupported. USDA, in fact, acknowledges in the Motion to Stay that mediation has not been scheduled because USDA asked the Clerk of the Ellsworth District Court not to schedule mediation. ECF No. 22 at 2. Nor has USDA established that Mr. Doucette, who filed an answer including affirmative defenses and requested mediation, would not be prejudiced if the Court permitted USDA to voluntarily dismiss its complaint without giving Mr. Doucette the opportunity to engage in mediation.[1]

Because USDA has not established adequate grounds for lifting the stay or dismissing the complaint without prejudice, the Court **DENIES** USDA's Motion to Dismiss Complaint for Foreclosure, ECF No. 21, and Motion to Lift Stay, ECF No. 22, without prejudice to their renewal as may be applicable after completion of mediation. Given what the parties have represented about the property and the lien, the Court is optimistic that they will be able to resolve this matter at mediation.

[1] The parties dispute whether Mr. Doucette occupies the property as his primary residence. *See* ECF No. 25-1 at 6. That question does not weigh on the Court's decision here.

The Clerk's Office is directed to submit a copy of this Order and the contact information for all parties to the appropriate state court clerk. The parties shall file a status report in this Court every forty-five (45) days while mediation in the Foreclosure Diversion Program remains ongoing; this case is otherwise **STAYED** until the parties notify the Court of the outcome of the mediation.

**SO ORDERED.**

Dated this 18th day of November, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**